**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Wagner, et al., | No. CV-19-03216-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Derek Adickman, et al., | |
| Defendants. | |

Pending before Court is Plaintiffs' Motion to Amend Amended Complaint to Add Counts,[1] (Doc. 55, "Mot."). Defendants Keith Foulke and Derek Adickman responded, (Doc. 58, "Resp."), and Plaintiffs replied, (Doc. 60, "Reply"). The Court will resolve the Motion without oral argument, which neither party requests. LRCiv 7.2(f).

**I.     BACKGROUND**

As both parties are aware, this case arises out of the search for missing tequila. (Doc. 17, "FAC" ¶¶ 19, 25-29.) On May 17, 2019, Plaintiffs sued Defendants for trademark infringement, unfair competition, breach of contract, and conversion.[2] (Doc. 1, "Compl." ¶¶ 35-57.) Then on June 18, 2019, Plaintiffs amended their complaint without adding any new counts. (FAC ¶¶ 35-57.) In response to Defendant Adickman's motion to stay proceedings, the Court stayed the case on August 13, 2019 until February 14, 2020 "to

---

[1] As required by Local Rule of Civil Procedure 15.1(a), Plaintiffs' proposed Second Amended Complaint ("SAC") is attached to the Motion. (Doc. 55-1, "SAC").
[2] The same day, Plaintiffs moved to preliminarily enjoin Defendants "from possessing, controlling, distributing or otherwise disposing of roughly 1,100 cases of Giggling Marlin tequila[,] . . . to turn the [tequila] over to the[m], . . . and to turn over a F350 Truck and a forklift." (Doc. 2.) The Court granted that motion. (*See* Doc. 27 at 7-8.)

allow Plaintiff Wagner and Defendant Adickman to participate in arbitration." (Doc. 40.) The Court extended the stay upon Defendants' request until June 30, 2020.[3] (*See* Doc. 64 at 2.) With the case stayed, Plaintiffs moved for leave to amend their FAC under Federal Rule of Civil Procedure 15. (Mot. at 1.)

## II.  LEGAL STANDARD

Rule 15 requires that leave to amend be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In interpreting this Rule, the Ninth Circuit has consistently stated one way or another that, "[i]n general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("We have stated that this policy is to be applied with extreme liberality." (internal quotation marks and citation omitted)).

But the Rule is not thoughtlessly applied. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A district court's discretion to deny [or grant] leave to amend a complaint is not absolute."); *see also Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (noting that "granting leave to amend is subject to several limitations" (internal quotation marks and citation omitted)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty.*, 708 F.3d at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Cafasso*, 637 F.3d at 1058 (noting same).

## III.  DISCUSSION

Plaintiffs request leave to amend to "add claims for fraud, breach of fiduciary duty, and aiding and abetting" because "the deposition of Defendant Adickman . . . and the explanations for the missing tequila . . . were unsatisfactory." (Mot. at 1-2; *see also* SAC

---

[3] Plaintiffs agreed that extending the stay was appropriate but disagreed as to its duration. (*See* Doc. 64 at 1.)

¶¶ 69-82.) They claim the requested leave to amend is not (1) unduly delayed, (2) brought in bad faith or dilatory, (3) due to repeated failures to cure deficiencies, (4) unduly prejudicial to Defendants, or (5) futile. (Mot. at 4-5; *see also* Reply at 2-3.)

Defendants, on the other hand, argue that leave to amend should be denied because Plaintiffs have unduly delayed in bad faith in requesting it. (*See* Resp. at 3-4, 7.) They claim this is the case because no new facts have been uncovered since the last amendment, the basis for bringing the case in the first place has not changed, and the lawsuit has been pending for over eight months. (*Id.*) They further argue that allowing leave to amend will unduly prejudice them because they will be "forced to analyze new elements of proof and . . . defenses," re-depose Plaintiffs, and request additional discovery at a late stage in the litigation.[4] (*Id.* at 4, 7.) If the Motion is granted, Defendants argue their "ability to fully defend [themselves] will be compromised," but do not explain how with any specificity. (*Id.* at 7.)

After considering the pleadings, facts of the case, and pertinent case law, the Court will grant the Motion. At a basic level, Defendants' arguments do not overcome Rule 15's liberal policy of granting leave to amend. *Cf. Sonoma Cty.*, 708 F.3d at 1117-18. While, like here, the Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted), permitting amendment here appears to cause Defendants no undue prejudice.[5] Rather, it appears that the complained of "undue prejudices," such as analyzing *related* claims and associated discovery, are mere symptoms of responding to new allegations and not inherently prejudicial. *Cf. Eminence Capital LLC*

---

[4] Defendants do not identify what this additional discovery concerns or why they must re-depose Plaintiffs if the underlying facts have not changed.

[5] The Court notes that the Ninth Circuit in *Ascon* made a contrary finding based on a different procedural background and underlying factual situation. *See id.*, 866 F.2d at 1161 ("To put [defendant] 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,' would cause undue prejudice." (citation omitted)). However, unlike the situation in *Ascon*, this case has been stayed since August 13, 2019 at Defendants' request. *Ascon* is further distinguishable because the district court there denied leave to amend a claim after granting a motion to dismiss plaintiff's second amended complaint. *Id.* at 1157. Here, by contrast, Plaintiffs are not requesting leave to amend in response to any adverse ruling and have only once amended the complaint before now.

- 3 -

*v. Aspeon, Inc.*, 316 F.3d 1048, 1052-53 (9th Cir. 2003) ("This is not a case where plaintiffs took 'three bites at the apple' by alleging and re-alleging the same theories in an attempt to cure pre-existing deficiencies."). Leave to amend would seldom be requested if every newly added claim, by itself, was unduly prejudicial enough to prohibit the Court from allowing it. And while the "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend," *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), that is also not the case here. Permitting amendment will not unduly prejudice Defendants in the currently stayed proceeding, especially when, as Defendants claim, the proposed amendment is based on the "same original facts" as the initial complaint. (Resp. at 4).

Furthermore, even if Plaintiffs were seeking leave to amend at a "late stage of this litigation," as Defendants assert, they would not automatically be unduly prejudiced by the request. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("The mere fact that an amendment is offered late in the case . . . is not enough to bar it." (internal quotations and citation omitted)). In other words, there must still be some strong evidence of resulting undue prejudice to Defendants or undue delay by Plaintiffs for the Court to deny leave to amend. In fact, even a case that had been pending for several years before leave to amend was sought did not warrant denying the request. *See Sonoma Cty.*, 708 F.3d at 1118. Defendants' claim that permitting amendment at this point is unduly prejudicial or brought in bad faith simply because it is "late" is also unpersuasive because the case has been stayed for most of the time it has been before the Court. Based on these facts, denying leave to amend would be "inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

Defendants' other arguments similarly fail to show leave to amend should be denied. Plaintiffs often amend complaints even though no new facts have been uncovered or the sole basis for filing the complaint has not changed. They also amend complaints to add claims with different elements and defenses. Again, if any of these reasons alone were enough to overcome such a liberal policy supporting leave to amend, Courts would rarely

grant it. Now, if granting leave to amend would impair Defendants' "ability to fully defend [themselves]," that would certainly favor a finding of undue prejudice. But there is nothing to indicate that granting leave to amend would create such a situation here. There must be "strong evidence," not hollow accusations, of Plaintiffs' undue delay, bad faith or dilatory motives, or undue prejudice to Defendants for the Court to deny the Motion. *Cf. Sonoma Cty.*, 708 F.3d at 1117. None of these things is present here.

In sum, while Plaintiffs' arguments attempting to show why leave to amend is proper are not entirely persuasive, (*see* Mot. at 4-5; Reply at 2-3), Defendants' arguments do not convincingly show denying it is otherwise appropriate when considering Rule 15's leniency, (*see* Resp. at 3-4).

### IV. CONCLUSION

The Court finds no reason for denying Plaintiffs leave to amend. Defendants have not persuasively shown that granting the Motion will unduly prejudice them or that Plaintiffs have unduly delayed in bad faith in requesting leave to amend.

Accordingly,

**IT IS ORDERED GRANTING** Plaintiffs' Motion to Amend Amended Complaint to Add Counts, (Doc. 55). The Clerk of Court is directed to docket Plaintiffs' lodged proposed Second Amended Complaint, (Doc. 56).

Dated this 11th day of May, 2020.

Honorable Susan M. Brnovich
United States District Judge