**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Wagner, et al., | No. CV-19-03216-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Derek Adickman, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs/Counterdefendants, Gary Wagner and Giggling Marlin Inc.'s ("Giggling Marlin") Motion to Dismiss[1] the Defendant/Counterplaintiff's Counterclaim (Doc. 91.) The Counterplaintiff, Derek Adickman, has filed a response with the Court, (Doc. 92), and the Counterdefendants have filed their reply. (Doc. 93.) Pursuant to LRCiv. 7.2(f) the Court elects to rule on the motion without oral argument.

**I.     Background**

**A. Factual Background**

The grounds for Counterdefendants' motion are purely procedural and technical in nature. As such, the substantive facts of the case need only be recited with brevity. Giggling Marlin is a Wyoming corporation in the business of importing tequila from Mexico. In the course of its operation, Giggling Marlin entered a business relationship with the

---

[1] While styled as a motion to dismiss. Giggling Marlin's request is more properly characterized as a motion to strike, and the Court will treat it as such.

1  Defendant/Counterplaintiff Adickman, the exact nature of that relationship is disputed by
2  the parties.  Giggling Marlin alleges that from approximately 2015 until 2018, Mr.
3  Adickman undertook to store and distribute tequila imported from Mexico by Giggling
4  Marlin for distribution in the United States.  In 2019, a dispute arose between the parties,
5  and Giggling Marlin alleges it terminated its relationship with Mr. Adickman and requested
6  return of certain inventory and equipment allegedly in Mr. Adickman's possession.
7  According to Giggling Marlin, Mr. Adickman did not respond to this demand.

### B. Procedural background

On May 17, 2019, Giggling Marlin filed a complaint with this Court against Mr. Adickman, asserting claims for trademark infringement, unfair competition, and breach of contract. (Doc. 1.) Giggling Marlin amended its complaint for the first time on June 18, 2019. (Doc. 17.) On July 16, 2019 Mr. Adickman filed a motion to stay the proceedings in order for the parties to pursue arbitration, (Doc. 29), and the Court granted that motion of August 13, 2019. (Doc. 40.) On January 31, 2020, Mr. Adickman filed a motion to continue the stay on proceedings. (Doc. 54.) That same day, Giggling Marlin filed a motion seeking to amend its complaint for a second time and add additional counts. (Doc. 58.) The Court granted both the motion to continue the stay of proceedings, (Doc. 64), and Giggling Marlin's motion to file the Second Amended Complaint. (Doc. 72.)

On May 13, 2020, Mr. Adickman filed a response to the Second Amended Complaint that was titled "Defendant's Answer to Plaintiffs [sic] Second Amended Complaint, Affirmative Defenses, Counter-Claims and Demand for Jury Trial." (Doc. 74.) On July 20, 2020, Giggling Marlin filed this motion with the Court seeking to dismiss the Defendant's Counterclaims. (Doc. 91.) As cause, Giggling Marlin asserts that Unbeknownst to it "[Defendant's] counterclaim filed on May 13, 2020 made major and significant amendments to his original Counterclaim and added a new count." (Doc. 91 at 2.) Giggling Marlin further asserts that the "new Counterclaim is not marked as an Amended Counterclaim" nor was notice given to the Court or Giggling Marlin that the Counterclaim was amended. (*Id.*) Based on these reasons, Giggling Marlin asserts

Defendant's Counterclaims ought to be dismissed for failure to comply with Rule 15(a)(2).

## II.     Analysis

The court declines to strike Mr. Adickman's amended counterclaim because Giggling Marlin's Second Amended Complaint changed the theory or scope of its case. The circumstances in which amending a complaint gives the opposing party the right to amend its counterclaims is an unsettled and widely debated issue. *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 357-59 (D. Ariz. 2009). District courts across the country have developed several distinct approaches[2] to the question. *Sierra Dev. Co. v. Chartwell Advisory Grp. Ltd.*, 2016 U.S. Dist. LEXIS 160308, at *10-11 (D. Nev. Nov. 18, 2016). While it appears the Ninth Circuit has declined to rule on the issue, the vast majority of recent opinions by district courts in the Ninth Circuit appear to adopt what has been referred

---

[2] Instructive on these different approaches is the opinion of *UDAP Indus. v. Bushwacker Backpack & Supply Co.*, 2017 U.S. Dist. LEXIS 66803, at *8-10 (D. Mont. May 2, 2017), where the Court explained that:

> Although it appears the Ninth Circuit has yet to address the issue, district courts here and throughout the country have historically taken three different approaches [to when amendment of a complaint allows amendment of a counterclaim as of right]. These approaches have been characterized as narrow, moderate, and permissive. Under the narrow approach, counterclaims as of right are permissible "only if they directly relate to the changes in the amended complaint." Under the permissive approach, "once a plaintiff amends a complaint, the defendant always has a right to amend to bring new counterclaims, without regard to the scope of the amendments."
>
> Falling in between the two, the moderate approach allows counterclaims without leave of court "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." There is no requirement under this approach "that a defendant specifically tailor its answer to the amended complaint, rather the court considers whether the defendant's answer affects the scope of the litigation in a manner proportional with the amended complaint." "The rationale for this rule is an equitable consideration that if one party expands its case by adding new theories and claims, the other party may do likewise."

*UDAP Indus.*, 2017 U.S. Dist. LEXIS, at *8-10. (internal citations omitted).

to as "the moderate approach." *See e.g.*, *Tate-Robertson v. Walmart Inc.*, 2019 U.S. Dist. LEXIS 209182, at *5 (C.D. Cal. Aug. 13, 2019) (citing *City of W. Sacramento v. R & L Bus. Mgmt.*, 2019 U.S. Dist. LEXIS 88139, at *4 (E.D. Cal. May 23, 2019)); *UDAP Indus. v. Bushwacker Backpack & Supply Co.*, 2017 U.S. Dist. LEXIS 66803, at *7-10 (D. Mont. May 2, 2017); *Sierra Dev. Co.*, 2016 U.S. Dist. LEXIS 160308 at *11. This Court elects to do the same.

Under the moderate approach, a defendant can amend his counterclaim without leave of the Court so long as (1) the amendment comes in response to a plaintiff's amendment of the underlying complaint, (2) the plaintiff's amendment "changes the theory or scope" of its complaint, and (3) the changes to the counterclaim "reflect the breadth of the changes in the amended complaint." *UDAP Indus.*, 2017 U.S. Dist. LEXIS 66803, at *6. The changes in the counterclaim need not arise from or directly relate to the subject matter of the changes in the compliant, "rather the court considers whether the defendant's answer affects the scope of the litigation in a manner proportional with the amended complaint." *Id.* (quoting *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, 2011 U.S. Dist. LEXIS 63925, at *4 (D. Minn. March 21, 2011)). "The rationale for this rule is an equitable consideration that if one party expands its case by adding new theories and claims, the other party may do likewise." *Id.*

Here Mr. Adickman has filed his amended counterclaim in response to Giggling Marlin's Second Amended Complaint. Additionally, Giggling Marlin's amendments to the complaint did change the scope and theory of the case. The Second Amended Complaint contains an entire page of new factual allegations and levied three new causes of action against the Defendant. (Doc. 56.) As such, Mr. Adickman was entitled to amend his counterclaim as long as the amended counterclaim "affects the scope of the litigation in a manner proportional" to Giggling Marlin's amendments. The Court finds Mr. Adickman's changes are proportional. The Amended Counterclaim amends a number of factual allegations and adds one additional claim for relief. These changes appear to expand the scope of the case remarkably less than the three additional causes of action and the page of

changes added by Giggling Marlin's amendments to its complaints.[3]

Even were the Court disinclined to follow other courts in this circuit and apply the moderate approach, the Court would decline to strike the counterclaim. "A district court has broad discretion in deciding whether to strike matters from pleadings." *Sierra Dev. Co.*, 2016 U.S. Dist. LEXIS 160308 at *11 (quoting *FDIC v. Willetts*, 882 F.Supp.2d 859, 870 (E.D.N.C. 2012), *reconsideration denied* (Oct. 2, 2012) (citing *Renaissance Greeting Cards, Inc. v. Dollar TreeStores, Inc.*, 227 Fed. Appx. 239, 246 (4th Cir. 2007)). As a matter of discretion, striking the counterclaim is not appropriate.

Giggling Marlin's Motion to Dismiss is in reality a motion to strike. The Court finds no undue delay in Mr. Adickman's amendment coming immediately in response to Giggling Marlin's own amended complaint. The actions of Mr. Adickman also do not convince the Court that he was acting in bad faith or with dilatory motives. As such, bearing in mind the Rule 15 admonition that leave should be freely given when justice requires, the Court finds that even were we disinclined to apply the moderate approach, as a matter of the Court's discretion striking Mr. Adickman's amended counterclaim is unmerited.

### III.     Conclusion

Accordingly,

**IT IS ORDERED** denying Plaintiffs' Motion to Dismiss. (Doc. 91.)

///
///
///

---

[3] Mr. Adickman has also argued that his amendments to the counterclaim are appropriate under Rule 13, and directly relate to Giggling Marlin's newly asserted theories of relief. Because the Court applies the moderate approach it need not consider this argument. The moderate approach rests on considerations of equity and fairness that if one party is allowed to expand the litigation the other party must be given the same leeway. *UDAP Indus.*, 2017 U.S. Dist. LEXIS 66803, at *6.

**IT IS FURTHER ORDERED** that Plaintiffs file an answer to Mr. Adickman's Amended Counterclaim, (Doc. 74), within ten (10) days of the date of the entry of this order.

Dated this 20th day of January, 2021.

Honorable Susan M. Brnovich
United States District Judge