**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Wagner, et al., | No. CV-19-03216-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Derek Adickman, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Rule 60(b)(6) Motion for Relief from an Order (Doc. 99). Plaintiffs have filed a response (Doc. 102) and Defendants filed a reply (Doc. 103). The Court has read and considered the pleadings and will deny the motion. Defendants seek relief from this Court's order granting, in part, Plaintiffs' Motion to Strike Adickman's Answer and Counterclaim and to Enter Order in Favor of Defendants Due to Adickman's Willful Violation of this Court's Orders. (Doc. 97). In that order, the Court awarded sanctions in the form of attorney's fees. (*Id.*)

Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ... or (6) any other reason that justifies relief." Rule 60(b), Fed.R.Civ.P. "A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2),

and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c), Fed.R.Civ.P.  The burden of establishing a ground for relief under Rule 60(b) is on the party seeking that relief. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). A party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" support that request. *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649, 162 L. Ed. 2d 480 (2005); *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017). Legal error by itself does no warrant relief under this rule and this rule cannot be used as a substitute for appeal.  *King v. Ryan*, No. CV-98-1277-PHX-RCB, 2009 WL 1904295, at *3 (D. Ariz. July 1, 2009).

Here Defendants ask for relief from the Court's interim order for sanctions based on Defendants' failure to participate in arbitration in good faith.  However, while asking for relief under Rule 60(b)(6), Defendants don't argue why such relief is justified under the Rule. Defendants do not allege any "extraordinary circumstances" or other recognized grounds under Rule 60(b)(6) to support granting their request.  Instead, their argument is essentially simply that the Court erred in the original order. Allegations of legal error that can be reviewed on appeal at the appropriate time, but "legal error by itself" is not grounds for Rule 60(b) relief. *King*, 2009 WL 1904295, at *3.

The Court agrees with Plaintiffs that this motion is really a motion for reconsideration. Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).   None of these factors is present in this case.  While Adickman tries to argue each item in a vacuum, the overall picture was clear.  The parties

agreed to mediate and then arbitrate using the same professional, Mr. Aiken. After mediation, Adickman tried to get out of using Mr. Aiken for the arbitration and did everything he could to obstruct moving forward. Eventually, the arbitrator gave in and terminated the arbitration.

**IT IS ORDERED** denying Defendants' Rule 60(b)(6) Motion for Relief from an Order (Doc. 99).

Dated this 28th day of January, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge