WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Wagner, et al., | No. CV-19-03216-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Derek Adickman, et al., | |
| Defendants. | |

Pending before the Court is Defendant/Counterclaimant Derek Adickman's ("Defendant") Rule 59 Motion to Set Aside Judgment and Motion for New Trial. (Doc. 145.) Plaintiffs/Counterdefendants, Gary Wagner and Giggling Marlin, Inc. ("Plaintiffs"), have filed a response. (Doc. 148.) No reply was filed. The Court has considered the submitted pleadings and relevant case law. For the reasons stated below, the Court denies Defendant's motion.

**I. BACKGROUND**

This case centers around an agreement the parties entered to sell tequila. (Doc. 17, ¶ 19.) The agreement terminated in 2019, and Plaintiffs brought an action against Defendant for Trademark Infringement, Unfair Competition, Breach of Contract, and Conversion. (Doc. 17.) Throughout pre-trial proceedings Defendant made no motions pertaining to whether the fraud claim was well-pled. (Doc. 148 at 3.) Defendant made no motion to challenge the sufficiency of the evidence. (Doc. 148 at 4-5.) Defendant did not

submit jury instructions concerning the fraud and punitive damages claims. (Doc. 148 at 13.) Further, while at the close of Plaintiff's evidence the Defendant did make a motion to strike some of the claims, the motion did not encompass Plaintiffs' fraud claim. A jury verdict was entered for Plaintiffs on March 16, 2021. (Doc. 142.) The jury verdict awarded compensatory and punitive damages for Plaintiffs' fraud claim in addition to nominal damages. (*Id.*) Defendant did not object to the jury's verdict prior to the jury being discharged. (Doc. 148 at 14.) Defendant has now filed this motion to set aside the judgment and for a new trial under Fed. R. Civ. P. 59(a). (Doc. 145.)

Plaintiffs filed a response to Defendant's motion, (Doc. 148). Defendant filed no reply to Plaintiffs' response.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(a), the court may grant a new trial, on motion, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A motion for new trial may be granted based on insufficiency of the evidence "only if the verdict is against the 'great weight' of the evidence or 'it is quite clear that the jury has reached a seriously erroneous result.'" *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987) (quoting *Digidyne Corp. v. Data General Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984)). In considering a Rule 59 motion for new trial, the Court is "not required to view the trial evidence in the light most favorable to the verdict." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014). Instead, the Court can weigh the evidence and assess witness credibility. *Id.* The Court may grant a Rule 59 motion for new trial on any ground "necessary to prevent a miscarriage of justice." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). However, the Court should not grant a new trial "merely because it might have come to a different result from that reached by the jury." *Wilhelm v. Associated Container Transportation (Australia) Ltd.*, 648 F.2d 1197, 1198 (9th Cir.1981). The authority to grant a new trial is confided almost entirely in the discretion of the trial court. *Dees v. Cty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020).

**III. DISCUSSION**

**A. Well-Pled Requirement**

Defendant argues that Plaintiffs' fraud claim was not well-pled because Plaintiffs only alleged that Defendant "misappropriated tequila without authorization." (Doc. 145 at 4.) However, Defendant's opportunity to argue about the sufficiency of the allegations in Plaintiffs' complaint has long passed. This is a motion for new trial, not a motion to dismiss. In fact, Defendant Adickman never filed a motion to dismiss to attack the allegations in Plaintiff's complaint. Accordingly, the Court rejects his arguments regarding the allegations in Plaintiffs' complaint.

**B. Rule 59 Motion after No Rule 50 Motions**

Plaintiffs argue that Rule 59 does not apply because Defendant failed to file Rule 50 motions at trial and now seeks a new trial based on the insufficiency of the evidence. (Doc. 148 at 3-4.) Plaintiffs correctly state that *Unitherm* and *Humetrix* require a party to file a motion under Rule 50(b) to challenge the sufficiency of the evidence on appeal. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 395-6 (2006); *Humetrix Inc. v. Gemplus SCA*, 268 F.3d 910, 923 (9th Cir. 2001) (*Id.*). Based on these holdings, Plaintiffs assert that a party that fails to file Rule 50 motions waives the right to challenge the sufficiency of the evidence "at any stage after the evidence has been presented." (Doc. at 4.) However, denial of a motion to dismiss under Rule 50 would not preclude a motion for new trial under Rule 59. See, *Gordon Mailloux Enterprises, Inc. v. Firemen's Ins. Co. of Newark, N. J.*, 366 F.2d 740 (9th Cir. 1966). Additionally, the standard for granting a motion for judgment as a matter of law is different than that for granting a motion for new trial. *Datskow v. Teledyne Cont'l Motors Aircraft Prod., a Div. of Teledyne Indus., Inc.*, 826 F. Supp. 677 (W.D.N.Y. 1993); *Markovich v. Bell Helicopter Textron, Inc.*, 805 F. Supp. 1231 (E.D. Pa.), aff'd, 977 F.2d 568 (3d Cir. 1992). The Court finds that a motion for new trial based on the insufficiency of the evidence is not precluded by the failure to make a Rule 50 motion for judgment as a matter of law.

**C. The Weight of the Evidence**

Defendant asserts that the jury's verdict for Plaintiffs on the fraud and punitive damages claims was against the clear weight of Plaintiffs' evidence. (Doc. 145 at 2.) Defendant claims the entire case was "predicated on the claim of misappropriated tequila" except fraud. (Doc. 145 at 3.) Defendant states that there was no "fraudulent taking of tequila" and thus that the jury should not have awarded damages to Plaintiffs on the fraud claim. (*Id.*). The Court disagrees and finds that there was sufficient evidence to support the fraud claim and punitive damages.

The jury was correctly instructed of the nine elements to Arizona common law fraud and the requirements to support fraud and punitive damages claims. (Doc. 148 at 5-6.) The elements of common law fraud in Arizona are "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Peery v. Hansen*, 585 P.2d 574, 577 (Ct. App. 1978). The Defendant's argument ignores the evidence Plaintiffs submitted.

There was sufficient evidence to support the first, second, and fourth elements because Plaintiffs presented evidence that Defendant knowingly made false representations to Plaintiff Wagner. For example, Defendant testified that he converted the terms of his oral agreement with Plaintiff Wagner to a written agreement. (Doc. 148 at 7.) A provision in the written agreement provided that the agreement does not form a partnership. (*Id.*) Plaintiff Wagner later signed a different written agreement with the same provision. (*Id.*) However, Defendant testified at trial that he intended the business relationship to be a partnership from the onset. (*Id.* at 8.) Defendant received notice of the provision when he converted the terms of the oral agreement himself. Additionally, the jury heard numerous hours of testimony from both Mr. Adickman and Mr. Wagner regarding the terms of their business dealings and the financial state of the venture. A reasonable jury could have found that Mr. Adickman knowingly made false representations during the parties' business relationship.

Plaintiff Wagner relied on this misrepresentation to his detriment. The representation was certainly material because Plaintiff Wagner was led to "invest hundreds of thousands of dollars into the venture, put his federally registered trademark into the venture and [expended] a considerable amount of his time." (*Id.*) Plaintiff Wagner intended for Defendant to be a salesperson who would make "thirty percent (30%) of any profits" and would be responsible for "thirty percent (30%) of any losses" rather than a partner. (*Id.*) It was reasonable for the jury to conclude, as they did, that the Defendant intended for Plaintiff Wagner to continue with the venture because of this misrepresentation. This is especially so given that Defendant decided to continue the charade by knowingly making more misrepresentations so that Plaintiff Wagner would not be aware of the actual arrangement. These misrepresentations included:

- Defendant telling Plaintiff Wagner that he was "on the verge of securing a deal or contract" of a major store chain when he had not contacted the buyer;
- Defendant claiming a different number of bottles had been given away than what was on the report he provided to Plaintiff Wagner;
- Defendant submitting invoices with discrepancies on the date and price for which bottles sold;
- Defendant telling Plaintiff Wagner he applied for an internet license to sell tequila when, at trial, he testified that he never completed the application;
- Defendant telling Plaintiff Wagner a major store chain was interested in buying the tequila after he had been informed the store was not interested;
- Defendant telling Plaintiff Wagner that he was "working to sell and promote" Plaintiff Wagner's brand of tequila when in reality Defendant was working on forming his own company to sell tequila, a company that used Plaintiff Wagner's bottles in its advertisements;
- Defendant telling Plaintiff Wagner that he was ready to use the company truck to service large accounts when the truck was no longer insured, had no current license plates, and failed to start;

- Defendant provided himself with a personal loan and failed to tell Plaintiff Wagner, instead claiming that he had paid an agent to further market Plaintiff Wagner's brand.

(Doc. 148 at 9-11.)

Each misrepresentation that followed the initial misrepresentation had the effect of convincing Plaintiff Wagner that the right course of action was to continue supporting the venture. Defendant also provided reassurance via a different provision in the written agreement that in the case of a dispute, mediation would take place and if the mediation were found to be unsuccessful, then the person who conducted the mediation would act as an arbitrator to render a final decision. (Doc. 148 at 7.) Defendant did not honor this provision either. (Doc. 148 at 14.) Therefore, there was sufficient evidence for the jury to find that the third and fifth elements were met.

Defendant argues that Plaintiff Wagner cannot claim ignorance because "Wagner and his office managed all the shipping of product, banking, and inventory distribution." (Doc. 145 at 6.) Defendant also argues that Plaintiffs' accountant conveyed incomplete information to Plaintiffs. (Doc. 145 at 8.) These arguments still do not pertain to the portions of the operation that Defendant handled. Plaintiff Wagner believed Defendant's misrepresentation about the business structure and additional misrepresentations so much so that he continued to fund the venture until he finally found out about the misrepresentations. (Doc. 148 at 12.) It is reasonable for Plaintiff Wagner to claim ignorance because Plaintiff Wagner had a right to believe that Defendant would uphold the duty imposed upon him by the signed agreement. There is no question that the written agreement was created and signed with the intent that it would be relied upon by both parties. Thus, there was sufficient evidence for the jury to find that the sixth, seventh, and eighth elements were met.

Finally, Plaintiff Wagner's injury was a direct and proximate result of the fraud because without Defendant's misrepresentation, Plaintiff Wagner would not have incurred the financial injuries he sustained by continuing to support the venture. (*Id.*) Plaintiff

Wagner also incurred a loss because of missing merchandise as a result of Defendant's actions. (Doc. 148 at 10). In light of the evidence offered by Plaintiffs, the jury's determination will not be disturbed.

Defendant also argues that the jury cannot award damages on the fraud claim because it did not award damages to Plaintiffs on the conversion and breach of contract claims. (Doc. 145.) A Defendant waives the right to object to inconsistencies in the jury's findings "if counsel does not raise the issue before the jury is excused." *See Los Angeles Nut House v. Holiday Hardware Corp.*, 825 F.2d 1351, 1354–55 (9th Cir.1987). Here, Defendant failed to object to the jury verdict prior to the jury's discharge, and therefore, Defendant has waived this argument.

### D. Miscarriage of Justice

Defendant alleges Plaintiffs' counsel made prejudicial statements to the jury and that those statements led to the jury awarding punitive damages. (Doc. 145 at 5.) More specifically, Defendant alleges the jury awarded punitive damages because Plaintiffs' counsel mentioned the amount of attorney's fees incurred through the proceedings and blamed the Defendant for the proceedings needing to occur. (*Id.*) However, Defendant could have objected to these statements at trial. The fact that Defendant did not take the opportunity to do so is not grounds for this litigation to continue. "To grant a new trial because of attorney misconduct, 'the flavor of the misconduct must [have] sufficiently permeate[d][the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 637 (9th Cir.1991) (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir.1983)). It is doubtful that the isolated statements by Plaintiffs' counsel affected the jury's decision. Thus, Defendant's Motion for a New Trial must be denied.

///
///
///
///

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Rule 59 Motion to Set Aside Judgment and Motion for New Trial, (Doc. 145), **is denied**.

Dated this 2nd day of July, 2021.

Honorable Susan M. Brnovich
United States District Judge